## BUTTECALI v. UNITED STATES.
### No. 10230.

Circuit Court of Appeals, Fifth Circuit.
July 9, 1942.

Rehearing Denied Aug. 19, 1942.

Tom S. Williams, of Sulphur Springs, Tex., for appellant.

William R. Eckhardt, III., of Houston, Tex., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

HOLMES, Circuit Judge.

Pete Buttecali was convicted in the court below of failing to report for induction into the armed forces, in violation of the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix § 311. The substance of his contention on appeal is that he is a duly ordained minister of the Watch Tower Bible and Tract Society; that as such minister he is entitled to a 4-D classification under the Act; that the draft board refused so to classify him although it was fully advised in the premises; and that, in so failing and refusing to classify him as 4-D, the local board acted arbitrarily and capriciously and denied him a fair hearing. He also claims that his conviction in the court below was not supported by the evidence.

Section 11 of the Selective Training and Service Act of 1940 provides that any person charged with the duty of carrying out any of the provisions of the Act, or the rules or regulations made or directions given thereunder, who shall knowingly fail to perform such duty shall, upon conviction, be punished by fine or imprisonment or both. Appellant admits that he was a registrant under the Act; that he was directed in the proper manner by the proper authority to report for induction into the armed forces; and that he knowingly failed and refused so to do. He apparently takes the position that he was under no duty to report for induction until he was ordered to do so pursuant to a valid classification made upon a fair and impartial hearing of his case; that, since he had not been accorded a fair and impartial hearing on the question of his classification, the order directing that he report for induction was improper and imposed no duty upon him under the Act; and that he could not be guilty of violating a duty when he owed none.

Whether or not the failure of the local draft board to give appellant a fair and impartial hearing may be assigned as a defense to the criminal charge against him is extremely doubtful, but we consider it unnecessary to decide that question, since we are of the opinion that he was accorded a full, fair, and impartial hearing by the local and appellate draft boards. As we have indicated, appellant does not complain of any procedural inadequacy or irregularity in the consideration of his case. He admits that the local board allowed him to file any documents that he wished, heard all that he wanted to say, fully informed him as to his rights to file affidavits and to appeal, and furnished a proper record to the appeal board. The gravamen of his charge is that the evidence before the board was such as would make necessary a finding that the registrant was a minister within the meaning of the Act; that the board's finding that he was not a minister was therefore wholly unreasonable; and that the classification made thereon was arbitrary and void.

In the questionnaire filed by the registrant he stated that he then was, and for three years had been, a carpenter; that he was not engaged in any other work; and that he had had no other occupational experience except two years spent in general farm work. In discussing his claim for classification as a minister, appellant stated to the local board that he had never conducted services in any place of worship,

and had never preached to a congregation, but that for three years prior to the passage of the Selective Training and Service Act he had spent a few hours each year distributing religious magazines (that cost him 20¢ per copy) to those who contributed 25¢, and playing records upon a phonograph in private homes. He offered in evidence a card attesting that he was an ordained minister of the Watch Tower Bible & Tract Society, the ordination apparently being the product of appellant's avowal of belief in the doctrines of the Society, and the issuance of the certificate by its president. Other carpenters with whom he was regularly associated in his daily work were unaware that he was a minister, and he could name only one place in which he had played his phonograph records during his alleged three years of service.

■ Regular or duly ordained ministers of religion are exempt from training or service by Section 305(d) of the Act. By no reasonable classification could this appellant be considered a regular minister of religion, within either the normal concept of the term or under the administrative definition in Section 360(b) of the Regulations. We also think the record shows that the local draft board had before it substantial evidence to support its finding that appellant was not a duly ordained minister within the meaning of the Act. If appellant underwent any ordination ceremony or ritual, other than a profession of belief and a pledge of loyalty to the principles of the Society, the record does not reveal it; rather, the evidence justifies an inference that the certificate of ordination, held by the appellant, was obtainable by any member of the organization who wished to distribute literature and obtain contributions therefor.

■ In the construction of a statute, language is to be given its common and ordinary meaning unless it appears from the context that a different meaning plainly was intended by the enacting body. A duly ordained minister, in general acceptation, is one who has followed a prescribed course of study of religious principles, has been consecrated to the service of living and teaching that religion through an ordination ceremony under the auspices of an established church, has been commissioned by that church as its minister in the service of God, and generally is subject to control or discipline by a council of the church by which he was ordained. These ministers,

and not those consecrated laymen happily found in the membership of every church who live and serve well, are exempt by the statute; and the object of Congress in the enactment of the statute is not to be thwarted because a religious society chooses to designate its ordinary members as ordained ministers. Under the facts of this case, we think the local board was authorized to consider all the facts before it in deciding the proper classification of the defendant, and that the conclusion it reached was entirely correct.

Affirmed.