## UNITED STATES v. BOWLES.
### No. 8070.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 5, 1942.

Decided Nov. 10, 1942.

Irving Piltch, of Newark, N. J., for appellant.

Richard J. Hughes, of Trenton, N. J. (Charles M. Phillips, U. S. Atty., of Trenton, N. J., on the brief), for appellee.

Before BIGGS, MARIS and JONES, Circuit Judges.

MARIS, Circuit Judge.

The defendant appeals from his conviction in the District Court for the District of New Jersey upon an indictment charging him with violating the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix § 301 et seq., in that he failed to appear for induction into the military forces of the United States pursuant to an order of the local board having jurisdiction over him. He says that he is, by reason of his religious training and belief, conscientiously opposed to participation in war in any form although not a member of a religious sect whose creed forbids participation therein. He further says that the local board and the appeal board to which he appealed nevertheless denied his claim for classification as a conscientious objector arbitrarily and upon the wholly erroneous view that the law required as a prerequisite his membership in such a sect. He urges that the district court erred in refusing, by its rulings upon offers of evidence and by its charge to the jury, to permit him to establish these facts as a defense to the charge brought against him.

The 1917 Draft Act required membership on the part of a conscientious objector in a well-recognized religious sect whose existing creed or principles forbade its members to participate in war in any form if he was to obtain exemption from combatant service.[1] The present act, however, does not require such membership on the part of a conscientious objector seeking classification as such.[2] It follows, therefore, that if the fact is, as the defendant alleges, that he is conscientiously opposed upon religious grounds to participation in war and that the appeal board refused him classification as a conscientious objector solely because he could not show membership in a religious sect whose principles

[1] Section 4, Act of May 18, 1917, c. 15, 40 Stat. 78, 50 U.S.C.A. Appendix § 204.

[2] Section 5(g), Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix § 305(g).

forbid its members to participate in war, a clear error of law was committed by the board. As a result of the defendant's refusal upon grounds of conscience to obey the board's order to enter the armed forces this error has eventuated in his conviction and imprisonment pursuant to the judgment appealed from, instead of his assignment to useful work of national importance under civilian direction as the act intended.

[2, 3] The case thus discloses, upon the defendant's allegations, a gross violation of his rights which has thwarted the plainly expressed intention of Congress. It is, however, settled in this court that the action of the selective service authorities in making an erroneous classification, even though arbitrary or capricious, may not be set up in defense to a prosecution for failure to comply with the board's order. United States v. Grieme, 3 Cir., 1942, 128 F.2d 811. To hold otherwise would be to permit a jury in a criminal trial to review the action of a selective service appeal board. This the law does not permit.

As this court pointed out in United States v. Grieme, supra, the defendant would have been able to secure a review of the legality of the board's order by means of a writ of habeas corpus had he submitted to induction into the military forces. Under the 1917 act the writ would have been available to him without such submission since under that act an individual became subject to the military authorities as soon as he was ordered to report for induction.[3] The 1940 act on the other hand adopted the more liberal rule of continuing the jurisdiction of the civil authorities over inductees until they are actually inducted.[4] It may well be that Congress has thereby unintentionally deprived persons in the position of the defendant of the benefit of the writ of habeas corpus unless they abandon the very conscientious scruples which they are seeking to have recognized.[5] If so, their appeal must be to executive clemency or legislative action failing which they must be prepared to endure the suffering for conscience sake from which the courts are not empowered to relieve them and which has been the common lot throughout the ages of those whose scruples

have brought them into conflict with governmental authority.

The judgment of the district court is affirmed.

---

[3] Section 2, Act of May 18, 1917, c. 15, 40 Stat. 77, 50 U.S.C.A. Appendix § 202.

[4] Section 11, Selective Service and Training Act of 1940, 50 U.S.C.A. Appendix § 311.

[5] But see Ex parte Stewart, D.C.Cal. 1942, 47 F.Supp. 410.