## UNITED STATES v. MESSERSMITH.
### No. 8294.

Circuit Court of Appeals, Seventh Circuit.
Nov. 11, 1943.

600

Anna Mae Davis, of Madison, Wis., for appellant.

John J. Boyle, U. S. Atty., of Madison, and Nathan T. Elliff, Sp. Asst. Atty. Gen., of Washington, D. C., for appellee.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Defendant appeals from a conviction of violation of Section 11 of the Selective Training and Service Act, 50 U.S.C.A. Appendix § 311, in that he knowingly failed to report for work of national importance under civilian direction as ordered by his local draft board. He had been eventually classified as a conscientious objector, but toward the end of the proceeding he claimed to be an ordained minister of religion and now seeks reversal by an attack upon the order classifying him and ordering him to report as a conscientious objector as so arbitrary and capricious as to nullify the prosecution.

Under Section 310(a) of the Act, the decision of the Board is final except where an appeal is authorized. The Board is the administrative fact-finding body charged with classification of registrants and their induction. Even if this were a proceeding for direct review, reasoning from analogous situations, we would have power only to determine whether the finding and order are supported by substantial evidence. In a criminal prosecution, our authority is even narrower, for trial of an indictment is not a review of the Board's order and, in such prosecutions, neither the trial court nor this one sits as a tribunal authorized to review or weigh the evidence heard by that body. United States v. Mroz, 7 Cir., 136 F.2d 221; United States v. Kauten, 2 Cir., 133 F.2d 703; Seele v. United States, 8 Cir., 133 F.2d 1015; Rase v. United States, 6 Cir., 129 F.2d 204; Buttecali v. United States, 5 Cir., 130 F.2d 172; Baxley v. United States, 4 Cir., 134 F.2d 998; United States v. Grieme, 3 Cir., 128 F.2d 811; Fletcher v. United States, 5 Cir., 129 F.2d 262; United States v. Bowles, 3 Cir., 131 F.2d 818; affirmed 319 U.S. 33, 63 S.Ct. 912, 87 L.Ed. 1194; concurring opinion of Mr. Justice Douglas in Kiyoshi Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774. The same rule was applied under the Selective Service Act of 1917, 50 U.S.C.A.Appendix § 201 et seq. See Ex parte Romano, D.C.D. Mass., 251 F. 762; Ex parte Tinkoff, D.C. D.Mass., 254 F. 912; Ex parte Kerekes, D.C.E.D.Mich., 274 F. 870. That this congressional limitation upon judicial authority is proper is apparent from the statement in Lockerty v. Phillips, 319 U.S. 182, at page 187, 63 S.Ct. 1019, at page 1022, 87 L.Ed. 1339, as follows: "The Congressional power to ordain and establish inferior courts includes the power 'of investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good.' "

The District Court, however, did not limit the hearing in this respect but, with greater liberality toward defendant than we think the law extends to him, received evidence offered to show that the order was arbitrary and discriminatory, and overruled defendant's contentions. Despite lack of jurisdiction to review the evidence, as we believe, we have given careful consideration to the facts in order to determine whether the Board's order is supported by substantial evidence.

Defendant, thirty-three years of age, attended the public schools from 1917 to 1925 and a vocational institution for seven months and studied with the American Correspondence School in 1938 and 1939. He was employed by Walgreen in 1928 and 1929; by the Minneapolis Honeywell Register Company from 1929 to 1931 and,

from 1931 to March 8, 1942, worked full time as an attendant in a state hospital.

After registering, he answered and filed his questionnaire, in which he made no claim to be a minister or a student for the ministry but requested exemption from both combatant and noncombatant military service as a conscientious objector. He filled out and filed a special form required of persons who claim to be conscientious objectors, in which he again claimed exemption from service and requested that he be assigned to work of national importance under civilian direction.

He was at first classified I-H, that being the category in which registrants who were above twenty-seven years of age were then placed. After this age deferment had been annulled, on Feburary 27, 1942, he was classified I-A. Thereupon, for the first time, he made application for exemption as a minister, submitting the literature of the society to which he belongs, Jehovah's Witnesses, letters from leaders of that organization, religious pamphlets and affidavits of various parties. An oral hearing was attended by defendant and his wife. On March 20 following, the Board, by a vote of three to nothing, classified him as a conscientious objector. He appealed and, on April 24, the Board of Appeals made a like unanimous classification. Thereafter defendant submitted affidavits in further support of his claim for exemption and for a rehearing. The Board denied reclassification and directed him to report for induction for work of national importance under civilian direction, as a conscientious objector. Upon his failure to appear, he was given notice of delinquency. He again failed to report and this prosecution followed.

Thus it is apparent that the Board had before it the life history of defendant, the record of his continuous employment for eleven years, until the spring of 1942, in secular vocations, his original claim to be a conscientious objector, his failure for many months to assert that he was a minister and all the facts and circumstances surrounding his employment, both in private industry and as an alleged minister, including affidavits, literature and other documents. Obviously, from all of these, the Board concluded that defendant was not a regularly ordained minister of religion in the sense in which that term is used in

the statute and classified him as a conscientious objector.

Even if we assume, as the District Court seems to have done, that invalidity of an order of the Board constitutes a defense in a criminal prosecution, that would not mean, however, "that the District Court may try over the issue as to classification passed upon by the Board. It means merely that, if the order of the Board is found to lack foundation in law, or to be unsupported by substantial evidence, or to be so arbitrary and unreasonable as to amount to a denial of due process, the court should treat it as a nullity in the same way as if the question arose in a habeas corpus proceeding. There is nothing here upon which such a finding of invalidity could be based. Certainly the Board was not bound to find that petitioner was a minister within the meaning of the Selective Service Act when the statement in his questionnaire clearly negatived such a status." Baxley v. United States, 4 Cir., 134 F.2d 998, 999.

The Board is the only agency charged with finding the facts and making the statutory classification. Under these circumstances it would ill become this court to assert jurisdiction to review the correctness of the conclusions of the administrative agency. To assert such jurisdiction would be to usurp unjustifiably the functions of the body in whom alone the Congress has lodged jurisdiction. On their face the orders of the Board were regular, in the form contemplated by statute, and such that we could not hold, even had we the power so to do, that the Board's action was discriminatory or arbitrary.

Defendant contends that the indictment is vague and uncertain. It charges that defendant was duly assigned to work of national importance under civilian direction; that the Board directed him to report for such service and that he knowingly, intentionally and willfully failed to comply. This is a valid averment of violation of the law and fully advises defendant of the nature and character of the charge against him.

The report is barren of evidence to support the assertion that the trial judge was prejudiced or unfair. Rather, he extended to defendant rights to which the latter, in our opinion, was not entitled. The comments of this court upon a similar con-

tention, in United States v. Gormly, 7 Cir., 136 F.2d 227, 231, certiorari denied Oct. 11, 1943, 64 S.Ct. 60, 88 L.Ed. ——, are applicable and determinative.

■ Defendant's insistence that the trial court erroneously refused to receive certain evidence is without merit. We think the court had no power to weigh the evidence before the Board; its jurisdiction in that respect, even under its conception of the yard-stick of its powers, was limited to consideration of whether the order was supported by substantial evidence. Inasmuch as the record discloses substantial evidence to support the order, the exclusion of additional evidence of what was presented to the Board is of no avail. Neither the trial court nor this one may weigh controverted evidence or determine whether it would have entered the same or another order. Chin Yow v. United States, 208 U. S. 8, at page 13, 28 S.Ct. 201, 52 L.Ed. 369.

The judgment is affirmed.