**UNITED STATES ex rel. REEL v. BADT, Captain U. S. N., Naval Training Station, Sampson, N. Y.**

Civ. No. 1563.

District Court, W. D. New York.

Nov. 29, 1943.

David L. Landy, of Buffalo, N. Y., and Amy Ruth Mahin and Charles A. Horsky, both of Washington, D. C., for relator.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Goodman A. Sarachan, of Rochester, N. Y., of counsel), for respondent.

BURKE, District Judge.

By this proceeding the relator challenges the legality of his classification and induction under the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix § 301 et seq. His claim for exemption from combatant and non-combatant service as a conscientious objector was rejected by the local board, and subsequently by the appeal board after a hearing and report by the Department of Justice. At his request an appeal was taken to the President under the provisions of the Selective Service Regulations, pursuant to which he was classified 1–A. He was thereupon inducted and is now stationed at the United States Naval Training Station at Sampson, New York.

The review here must be limited to the question of the legality of the order of the draft board directing the relator to report for induction and the determination of the Director of Selective Service, by authority of the President, on the presidential appeal pursuant to sec. 628.1 of the Selective Service Regulations. The order rests on the determination of the Director which finally classified the relator 1–A and not on the alleged erroneous interpretation

of the Act by the hearing officer of the Department of Justice. Bowles v. United States, 319 U.S. 33, 63 S.Ct. 912, 87 L.Ed. 1194. I am not unmindful that in the Bowles case the Director made a positive finding that the petitioner was not conscientiously opposed to military service, and that he was, therefore, not entitled to the benefit of the exemption prescribed by the Act. The review on a presidential appeal is a review de novo of the entire Selective Service file of the registrant. There is no requirement in the Act nor in the Regulations that the Director make new findings. The relator, to be entitled to the benefit of the exemption, needed a finding that his conscientious objections to war were founded on religious training and belief. The failure of the Director to make this finding, if not wrong as a matter of law, is equally as effective to support the Director's final classification as a positive finding to the contrary such as the Director made in the Bowles case. There is no more ground for holding that the Director in deciding the presidential appeal adopted the findings and reasoning of the hearing officer than there is for holding that he concluded that the evidence did not warrant a finding that the relator's objections to war were founded on religious training and belief. The classification by the Director, which implies a rejection of relator's claim for exemption as a conscientious objector, may not be disturbed if there was substantial evidence before the Director to support it. There is no provision in the Act nor in the Regulations which makes the findings of the hearing officer conclusive on a presidential appeal. Indeed they are not binding on even the appeal board. The function of the Department of Justice is to conduct an inquiry and a hearing and to make a recommendation to the appeal board, but the Act expressly provides that the appeal board shall not be bound to follow the recommendation. Section 305(g), 50 U.S.C.A.Appendix. There was no finding by the Director as to the source of relator's objections to war. None was required. On the evidence before the Director he could have fairly found that the relator's objections to war in any form, although sincere, were founded on the basic conception that war is inherently futile

and that history has demonstrated it to be so. There was sufficient ground for the Director's classification of the relator if the evidence did not compel a determination that his belief was religious, within the meaning of that term as construed in United States v. Kauten, 2 Cir., 133 F.2d 703, and United States ex rel. Phillips v. Downer, 2 Cir., 135 F.2d 521. An examination of his Selective Service file convinces me that it did not.

 If I am wrong in regard to the limit of the review here, the question of whether the hearing officer correctly applied the law to the facts as found by him is open for consideration in this proceeding. He concluded on the evidence that the relator was sincerely opposed to war in any form; that not only was his belief predicated on no concept of a deity or supernatural power but that it was that of a philosophical humanitarian, which he understood to mean that mankind is sufficient to itself, that it owes no obligation to any power except humankind and that it may achieve perfection in and of itself without the interposition of any deity or supernatural power. I understand the Kauten case and the Phillips case to mean that the intention of Congress in granting the exemption was to give the benefit of it to those whose objections to war amounted to conscientious scruples and not to those whose objections were based on political or philosophical grounds. The reasoning of the hearing officer indicates that his recommendation was based on the determination that the relator's conviction that war is wrong was arrived at solely on intellectual or rational grounds as distinguished from a compelling voice of conscience. Adherence to a conviction, howsoever unyielding, does not necessarily mean that conscience prevents a departure from it. It may evidence no more than an inward complacence that the conviction was arrived at by inexorable logic. Even political causes are not without their firm adherents. Conscience connotes something more than persistence. It confesses the inadequacy of intellect and transcends reason itself. I think the hearing officer correctly interpreted the law.

The writ is dismissed and the relator is remanded to the custody of the respondent.