## UNITED STATES v. SAULER.
## SAME v. PAULOS.
### Nos. 8307, 8308.

Circuit Court of Appeals, Seventh Circuit.

Dec. 8, 1943.

Rehearing Denied Jan. 5, 1944.

James W. Dorsey, of Milwaukee, Wis., for appellants.

B. J. Husting, U. S. Atty., and E. J. Koelzer, Asst. U. S. Atty., both of Milwaukee, Wis., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

These appeals are from judgments of the District Court, entered on jury verdicts, finding the defendants guilty of violating the Selective Training and Service Act of 1940. 50 U.S.C.A.Appendix, § 301 et seq. The defendants were specifically charged with a failure and neglect to report for duty in the military service after having been notified by the appropriate Local Board to do so. While the appeals are from separate judgments entered after separate trials, the questions here presented are precisely the same in each case and they may, therefore, be considered together and disposed of in the same opinion. While the questions presented for decision are legal, it may be pertinent to observe that the defendants in each case assigned, as the reason for their refusal to report for induction, that they were ministers of Jehovah's Witnesses and as such were entitled as a matter of right to a 4-D classification instead of the 1-A classification given them by the Local Board. It may also be pertinent to note that the 1-A classification by the Local Board was by vote of 4 to 0 and that the Appeal Board sustained such classification by a vote of 5 to 0.

The question for decision appears to be squarely and directly raised by a portion of the court's charge to the jury and the court's refusal to charge as requested by the defendants. The court, in explaining to the jury the procedure provided in the Act, stated:

"Now, this jury is not permitted to substitute its judgment for what either the Local Board or the Appeal Board should have done or might have done as far as the classification of this defendant is concerned. The conclusions of the Boards as to questions of fact within their jurisdiction are conclusive, and whether a registrant is a minister of religion is a question of fact to be decided by the Local Board, in the first place, and if there is an appeal, to be determined by the Appeal Board."

The court refused to give the following instruction requested by the defendants:

"If the Jury find from the evidence that the defendant was and is a regular minister of Jehovah's Witnesses as defined under Section 622.44, paragraph (b) of the Selective Training and Service Act, that is, if from the evidence the Jury find that the defendant is a man who customarily teaches and preaches the principles of this religion and was and is a recognized Jehovah's Witnesses as a minister, the Jury will find the defendant not guilty."

Defendants' contention with reference to the given and the refused charges makes it apparent that they sought to put in issue the finding of the Local Board that they were not ministers within contemplation of the Act and entitled to a classification as such. The question thus presented has been raised in a variety of forms in this and other courts, and so far as we are aware has been consistently decided against the contention now presented by the defendants. United States v. Mroz, 7 Wis., 136 F.2d 221; United States v. Daily, 139 F.2d 7, decided by this court November 17, 1943; United States v. Messersmith, 138 F.2d 599, decided by this court November 11, 1943; United States v. Bowles, 3 Cir., 131 F.2d 818, affirmed (on other grounds) 319 U.S. 33, 63 S.Ct. 912, 87 L.Ed. 1194; Fletcher v. United States, 129 F.2d 262; United States v. Grieme, 3 Cir., 128 F.2d 811; United States v. Kauten, 2 Cir., 133 F.2d 703.

We are convinced that defendants' contention, if adopted, would lead to disastrous results in the administration of the Selective Service Act. It would mean that any registrant not satisfied with his rating could in effect obtain a review thereof in court by openly defying the order directing him to report for induction. That such a procedure would produce chaos in the administration of the law is readily apparent. However, more important from a legal standpoint is the fact that Congress conferred no such authority on courts, but on the contrary provided a certain and definite system by which an aggrieved party might have the action of his Local Board reviewed. When the procedure thus prescribed has been followed, the registrant must abide by such final result.

What, if any, remedy is available to a person inducted into the Service by reason of improper or illegal classification by his Local Board need not be discussed or decided upon this appeal. The point is that he cannot take the law into his own hands, refuse to report, and justify such refusal by an attack upon the action of the Board. When confronted in court with a refusal to report, only two questions are open: (1) Did he receive an induction notice? and (2) Did he fail to report as directed? In our judgment no testimony is admissible except that relevant to those questions.

The judgments appealed from are affirmed.