## UNITED STATES v. VAN DEN BERG.

### No. 8327.

Circuit Court of Appeals, Seventh Circuit.

Jan. 6, 1944.

Perry J. Stearns, of Milwaukee, Wis., for appellant.

Carl R. Becker, Asst. U. S. Atty., and B. J. Husting, U. S. Atty., both of Milwaukee, Wis., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Defendant appeals from a conviction of having knowingly failed to report for induction in work of national importance under civilian direction as a conscientious objector opposed to both combatant and noncombatant service. Upon appeal, the Appeal Board unanimously affirmed the classification of the local Board. At the trial, the District Court refused to permit defendant to introduce evidence of what transpired before the Board, offered, as he

said, to show that the Board's classification was unjustifiable. In this respect the case differs from United States v. Messersmith, 7 Cir., 138 F.2d 599, decided November 11, 1943, in which the court admitted evidence of what occurred before the Board and resembles United States v. Sauler, 7 Cir., 139 F.2d 173, decided December 8, 1943.

Under the Selective Service Act, 50 U.S.C.A.Appendix, § 310, the Board is the only body who may classify registrants. Determination of whether defendant was a regularly ordained minister or a conscientious objector was peculiarly one of fact. He, himself, asserted in his questionnaire that he was a conscientious objector and at that time made no claim to be a minister. Having found that defendant belonged in the former category rather than the latter, the Board's decision became final, subject only to an appeal. Defendant having exhausted his right of appeal and the administrative discretion having been exercised, no court may, in a trial upon an indictment charging noncompliance with the order, review the evidence upon which it was based. United States v. Sauler, supra. Congress evidently believed that any other rule would lead to chaos; hence its failure to provide for judicial review. Falbo v. United States, 64 S.Ct. 346, decided by the Supreme Court on January 3, 1944. Such congressional withholding of jurisdiction from the courts is entirely within the constitution. Lockerty v. Phillips, 319 U.S. 182, at page 187, 63 S.Ct. 1019; United States v. Messersmith, 7 Cir., 138 F.2d 599.

It is earnestly contended that the court should have received evidence to show that the Board had acted arbitrarily. Under no circumstances do we think this a proper jury question and, under the statute it could not be one for the District Court. To enter into such an inquiry would violate the fiat of Congress that the Board's order shall be final. Whether, after conviction, defendant may properly urge that he is wrongfully imprisoned for violation of an arbitrary order by application for a writ of habeas corpus or otherwise is a question not now presented. See United States v. Kauten, 2 Cir., 133 F.2d 703, 706. Under no circumstances could jurisdiction be conferred upon us by proving that the Board did not accept certain evidence as true. Chin Yow v. United States, 208 U.S. 8, at page 11, 12, 28 S.Ct. 201, 52 L.Ed. 369.

It is asserted that the United States Attorney improperly commented in his argument to the jury that defendant had not denied failure to comply with the order. Defendant was sworn as a witness; he identified certain papers and defined one of them as a designation of himself as an ordained minister and as showing the date when he had become such. This amounted to a statement by defendant that he was an ordained minister. Having testified in that respect, he waived the privilege that he might otherwise have had to be exempt from the comment complained of.

Defendant urges that the venue was improperly laid in the Eastern District of Wisconsin for the reason that at the time he was ordered to report he was living in the Western District. At the time of his registration he was living in the Eastern District. He properly registered there, was classified by the Board there, and by it ordered to report for induction there. That he had removed to another district did not divest the court of jurisdiction, for, when omission to act constitutes a crime, the venue lies in the jurisdictional locality where the omitted act should have been performed. United States v. Commerford, 2 Cir., 64 F.2d 28, certiorari denied, 289 U.S. 759, 53 S.Ct. 792, 77 L.Ed. 1502.

Defendant's claims that his assignment to a conscientious objectors' camp amounted to imposition of involuntary servitude in violation of constitutional rights; that, by the Selective Service Act, Congress unlawfully delegated power to the President; and that his conviction is based upon a requirement of self-incrimination, have all been considered fully by this court and denied in United States v. Mroz, 7 Cir., 136 F.2d 221.

It is said that the indictment does not advise defendant sufficiently of the charge against him and is of such character that a conviction thereon could not be asserted successfully in a plea of former jeopardy. Each contention is based upon the premise that the indictment should have negatived the exceptions contained in the Act. The law is to the contrary. McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 67 L.Ed. 301; Nicoli v. Briggs, 83 F.2d 375, 379; Rase v. United States, 6 Cir., 129 F.2d 204, 207.

The order to report for induction was signed by only one member of the Board, but, inasmuch as this is not a discretionary order but flows automatically

from classification of the registrant, it is not inappropriately signed by only one member. United States v. Gormly, 7 Cir., 136 F.2d 227, certiorari denied October 11, 1943, 64 S.Ct. 60.

The judgment is affirmed.