586

## NEWCOMB v. UNITED STATES.

### No. 10586.

Circuit Court of Appeals, Ninth Circuit.

June 1, 1944.

A. L. Wirin and J. B. Tietz, both of Los Angeles, Cal., (Hayden C. Covington, of Brooklyn, N. Y., of counsel), for appellant.

Charles H. Carr, U. S. Atty., and James M. Carter and Ray H. Kinnison, Asst. U. S. Attys., both of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

It appeared at the hearing that the appellant, a Jehovah's Witness, is seeking the settlement of a bill of exceptions on appeal to this court from a sentence imposed after an adverse verdict in a trial for a violation of his duty to obey an order of his Selective Service Board.

Appellant moves to enlarge the bill of exceptions to include facts showing that in imposing the sentence appealed from the trial judge erred in adding a fine to his sentence of imprisonment, because appellant had not waived his right to a jury trial and hence had caused an added expense to the government, while in cases where the jury was waived no fine was imposed.

There was no motion for a new trial on such a ground. The tendered evidence consists of nothing in the record in this case other than that the appellant did not waive his jury and that his sentence consisted of both a fine and imprisonment.

The material sought to be incorporated into the bill of exceptions consists of (a) alleged statements of the trial judge in two prior trials for similar offenses tending to show that in those cases this judge, in imposing sentence, took into consideration the fact that the defendants there preferred trial by jury to trial by him without a jury, and thereby caused the payment of the statutory jury fees and of (b) his alleged action in a large number of trials for similar offenses in which he almost invariably included in his sentences a fine as well as imprisonment where the defendant preferred a trial by jury to a trial by the judge, and imposed no fine in the sentences in cases where he was chosen to try the case.

Appellant contends that Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193, and Bowles v. United States, 319 U.S. 33, 63 S.Ct. 912, 87 L.Ed. 1194, authorized the incorporation within the bill of exceptions of such evidence dehors the record in this case, on the ground that the district court may 'take judicial notice of its action in other cases. We do not agree. In the Freshman case the prior decision by the same court of which that court took judicial notice was between the same parties and upon the same issue. In the appeal in the Bowles case, the Supreme Court took judicial notice of the decision of the Director of Selective Service in the administrative proceedings in which the order was made which Bowles had failed to perform, for which failure he was tried and convicted.

In other cases cited by appellant, Neal v. Delaware, 103 U.S. 370, 26 L.Ed. 567; Carter v. Texas, 177 U.S. 442, 20 S.Ct. 687, 44 L.Ed. 839; Hollins v. Oklahoma, 295 U.S. 394, 55 S.Ct. 784, 79 L.Ed. 1500; Pierre v. Louisiana, 306 U.S. 354, 59 S.Ct. 536, 83 L.Ed. 757; Smith v. Texas, 311 U.S. 128, 61 S.Ct. 164, 85 L.Ed. 84, and Norris v. Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074, the evidence introduced or tendered was on the issues raised by motions to quash the indictment or the trial venire.

It is true that in Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220,

the Supreme Court, upon evidence of refusal of the San Francisco Supervisors to grant laundry licenses only to Chinese persons and of the granting of licenses to others, held that a Chinese could not be convicted of violating the law requiring such licenses. However, that was a habeas corpus proceeding in which the constitutional issue of the state's unequal protection of the laws was tendered and joined, and the evidence, there stipulated, was relevant to that issue.

The motion is denied without prejudice to any right in another proceeding to litigate the question here presented.