## In re HERMAN.
### No. 91.

District Court, N. D. Texas,
San Angelo Division.

Sept. 18, 1944.

Louis Herman, of New York City, in pro. per.

Joe H. Jones, Asst. U. S. Atty., and Captain John H. Haley, Jr., J. A. G. D., Headquarters Eighth Service Command, both of Dallas, Tex., for United States.

ATWELL, District Judge.

On March 27, 1944, in the case of Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, the Supreme Court, in a carefully considered opinion, held that one is not inducted into the United States Army until he has taken the oath. The regulations made in pursuance of the Act of the Congress, as well as the precise wording of the Act itself, support that decision.

By Sec. 11 of the Selective Training and Service Act of 1940, 54 Stat. 894, 50 U.S.C.A.Appendix § 311, the "actual induction" is shown to be the administration of this oath. The War Department regulations in force when the petitioner was called, recognizes the accuracy of that statement by providing that men successfully passing the examination will be immediately inducted into the Army, and the induction will be performed by an officer in a short, dignified ceremony in which the oath is administered. They will then be informed that they are members of the United States Army. The regulation further provides that, "In the event of refusal to take an oath (or affirmation) the individual will not be required to receive it, but will be informed that such action by him does not alter, in any respect, his obligation to the United States."

The selective service of persons who are to make up the Armed Forces of the United States, divides the jurisdiction be-

tween civil and military authorities. This division and recognition is made in the Act. It provides that no man shall be inducted for training and service unless he is acceptable to the Armed Services. And, it further provides that the civil authorities retain jurisdiction over him until he is actually inducted.

■ If the person does not conform to the orders issued by the authorities of the Selective Service, he is subject to the civil penalties which are severe in both fine and imprisonment. Thus, it seems to be clear that a refusal to submit to induction—as above outlined—is a violation of an Act, rather than of a military order.

Sec. 11, mentioned above, withholds from military courts, jurisdiction over those who offend against the act.

The nice shadings of the reasoning will be more readily appreciated by a study of Bowles v. United States, 319 U.S. 33, 63 S.Ct. 912, 87 L.Ed. 1194, United States v. Collura, 2 Cir., 139 F.2d 345, and Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346.

A recent opinion by Judge Yankwich of California, in Ex parte Yost, D.C., 55 F. Supp. 768, may also be of assistance to the student.

Congress having drawn the line between the civil and military jurisdiction, it is the duty of the courts to observe and respect that division of authority.

■ A patient and rather exhaustive presentment of testimony leads irrefutably to the conclusion that this petitioner has never been inducted into the United States Army, as provided by the Act of the Congress.

Upon his liberation from a civil prison sentence imposed in the United States District Court of Los Angeles, California, for refusal to abide by orders looking to his induction, he was again ordered by his Board to report to the Army. That he did, and was examined. He was accepted. He refused to sign or to take the oath, notwithstanding which he was placed in the Army and taken from California to Texas, and, there, half-heartedly, participated in soldier activities. He objected to and did not accept any pay. He at first refused to buy any bonds, but, subsequently, upon pressure, did attempt to purchase a $25 bond, which purchase was never completed. Upon the same sort of pressure, he reluctantly signed an insur-

ance provision and an allotment. But, in fact, did not accept the benefits of either.

He refused to put on the uniform, and was made to do so by two soldiers. He refused to and never did accept a pack. He did participate in some simple drills, and did carry on, in a fashion, though not satisfactorily, and was court-martialed in January, 1944, and sentenced to six months in the stockade. The offense was failure to obey an order. The day after his release from that imprisonment, he again refused to obey an order and was sentenced to ten years' imprisonment. Upon appeal, that was reduced to five years' imprisonment, and that is the imprisonment that he is at present serving.

Both of these sentences were illegal. They are only applicable to soldiers in the Army. Men who have actually been inducted in accordance with the law.

I seriously question whether when one is forced by persuasion, or, by order, or, by Army social pressure to engage in the simplicities that this man did, that he thereby takes himself out of the clear distinction that is made in the law. Until he is inducted, he is liable to the civil authorities. After he is inducted, he is liable to the military authorities. Induction includes the taking of the oath.

His contention that he neither verbally took the oath, nor in writing signed the oath, is supported by the failure of the government to suggest anything to the court except the petitioner's unsatisfactory performance of small, simple, noncombative duties, such as calisthenics and close formation drills, the keeping of his barracks in an orderly fashion, and other small details which did not really include any basic army training. If he had taken an oath it would have been very easy to have proven. If he had signed the oath, equally quick and easy would have been that proof.

He is a rather negative character. He is simple and somewhat gentle in his refusals. He is courteous and essentially noncombative. He is not dogmatic nor assertive. He believes in working for his living. He does not believe in fighting. He is a Communist and a Unitarian. His reasoning is not logical, but he felt that so long as he was pressed into service he would perform that service so long as he did not take the oath or actually become a soldier, and so long as that

service was not to fit him for a soldier, but might be considered by himself as mere work. His refusal of the soldier's pack, and his refusal to creep and crawl and to join platoon duties and obey the simple orders which resulted in his two imprisonments was a continuity of his position as he had attempted to explain it to his major, his captain, two lieutenants, and his sergeants. He is entitled, though it tests, somewhat, our judicial patience, when so many brilliant victories are being ingeniously and courageously achieved in the different theaters of war by our Armed Forces, to the full letter of the law. That full letter has been written by the Congress and explained by the Supreme Court, as well as by several inferior courts. The clear jurisdiction of civil courts over civil offenses, and military courts over military offenses, must be observed.

The petitioner will be discharged from the military imprisonment. Pending a determination by the United States Attorney as to whether he desires to appeal from this decision, the petitioner will be remanded to the Army authorities. Such determinations to be speeded as is demanded by the statute.