### UNITED STATES v. FRY.

No. 34, Docket 22405.

United States Court of Appeals
Second Circuit.

Argued Feb. 2, 1953.

Decided March 11, 1953.

Rehearing Denied April 30, 1953.

Hayden C. Covington, New York City, for appellant.

Myles J. Lane, U. S. Atty., New York City, for appellee; John M. Foley and Daniel H. Greenberg, Asst. U. S. Attys., New York City, of counsel.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

SWAN, Chief Judge.

This is an appeal from a conviction for refusal to take the necessary one step forward constituting induction into the armed forces. The appellant was tried without a jury and at the conclusion of the evidence moved for a judgment of acquittal, which the court denied in an opinion reported in D.C., 103 F.Supp. 905. He was sentenced to three years imprisonment and thereafter was enlarged on bail. Although several questions have been argued upon the appeal the only one we regard as necessary for determination is the contention that the defendant was deprived of procedural rights by the failure of the local draft board to mail him a classification notice as required by the Selective Service Regulations.

There is no dispute as to the facts. The appellant is a British national who emigrated to the United States in 1947. He registered with his local draft board and duly filed a classification questionnaire, in which he claimed exemption from military service as an alien, stated that he was a student preparing for the ministry under the direction of the Watchtower Bible and Tract Society of Jehovah's Witnesses, and requested that he be furnished Form 150 for conscientious objectors. On November 1, 1948 the local board gave him a IV–C classification and so advised him by mailing Form 110. Thereafter it sent him Form 150 for conscientious objectors. He completed this form and returned it, and on April 22, 1949, the board reclassified him as I–A–O, a conscientious objector classification which made him liable for non-combatant service. Form 110 notifying him of this change of classification was mailed to him. He then asked for a personal hearing and appeared before the board on June 8, 1949. Up to this point no procedural irregularity had occurred. After his personal appearance, the board overruled his claim for exemption either as a minister or divinity student or as a conscientious objector, and again classified him in I–A–O. But the board failed to inform him of its action either orally or by mailing Form 110 as required by the Regulations.[1] Without giving him such notice the local board sent his file to the appeal board, including therein what the appellant contends is an inadequate summary of his testimony before the local

---

1. Section 1624.2(d) of the Regulations, 32 C.F.R., provides:

"After the registrant has appeared before the member or members of the local board designated for the purpose, the local board, as soon as practicable after it again classifies the registrant, * * * shall mail notice thereof on Notice of Classification (SSS Form No. 110) to the registrant and on Classification Advice (SSS Form No. 111) to the persons entitled to receive such notice or advice on an original classification under the provisions of section 1623.4 of this chapter."

Section 1624.3 reads as follows:

"Induction Postponed. A registrant shall not be inducted during the period afforded him to appear in person before a member or members of the local board, and if the registrant requests a personal appearance he shall not be inducted until 10 days after the Notice of Classification (SSS Form No. 110) is mailed to him by the local board, as provided in § 1624.2(d)."

board.[2] Had he received a Form 110 notice, he could have attached to his appeal a statement specifying the matters in which he believed the local board erred.[3] On the basis of the file and without the benefit of a written statement by the registrant, the appeal board decided against his claims and forwarded the file to the Department of Justice for its advisory recommendation in accordance with the Regulations, 32 C.F.R. § 1626.25. The hearing officer of the Department of Justice recommended that the appellant be reclassified in I-A. The appeal board adopted this recommendation. The registrant appealed to the national selective service appeal board, but without success. Thereafter he was ordered to report for induction, and refused to take the one step forward which would constitute his induction.

In the district court the Government contended that the failure of the local board to notify the registrant of the classification given after his personal appearance on June 8th did not substantially prejudice him because he appeared on August 31, 1949 before the hearing officer of the Department of Justice and was permitted to submit a certificate showing that he had been duly ordained as a Jehovah's Witness minister, and the appeal board considered this new evidence before making its final determination on February 7, 1950. The trial judge thought that the case was more like Martin v. United States, 4 Cir., 190 F.2d 775, certiorari denied 342 U.S. 872, 72 S.Ct. 115, 96 L.Ed. 656, than it was like United States v. Stiles, 3 Cir., 169 F.2d 455, and ruled that the irregularity in the procedure was harmless. With this ruling we cannot agree. The Martin case is not controlling because there the registrant had actual notice of the board's action before he appealed. In the Stiles case, like the case at bar, he did not have such notice.[4] For the reasons stated in the Stiles opinion we think the failure to give the required notice was not a mere formal defect but deprived the registrant of a substantial right.[5] Accordingly the judgment is reversed and a judgment of acquittal is directed.

On Petition of Appellee for Rehearing.

PER CURIAM.

By way of answer to the Government's argument based on Bowles v. United States, 319 U.S. 33, 63 S.Ct. 912, 87 L.Ed. 1194, counsel for appellant relies chiefly on the Supreme Court's subsequent decision in Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567. That case permitted the defendant in a criminal prosecution such as this to attack the determina-

---

2. 32 C.F.R. § 1623.1(b) provides:
   " * * * Since it is imperative that appeal agencies have available to them all information on which the local board determined the registrant's classification, oral information shall not be considered unless it is summarized in writing and the summary placed in the registrant's file." See also § 1624.2(b).

3. 32 C.F.R. § 1626.12 provides:
   "Statement of person appealing. The person appealing may attach to his appeal a statement specifying the matters in which he believes the local board erred, may direct attention to any information in the registrant's file which he believes the local board has failed to consider or to give sufficient weight, and may set out in full any information which was offered to the local board and which the local board failed or refused to include in the registrant's file."

4. Moreover, had the appellant in the Martin case received no actual notice of the local board action, the inference is fair that the decision might have been otherwise. Cf., the remarks of Chief Judge Parker in that case: "We agree that failure to accord a registrant the rights provided by these provisions of the regulation would invalidate the action of the draft board and concur in what was said by the Court of Appeals of the Third Circuit in United States v. Stiles, 3 Cir., 169 F.2d 455, in that regard." Martin v. United States, 4 Cir., 190 F.2d 775, 778.

5. See, e. g., Knox v. United States, 9 Cir., 200 F.2d 398; United States v. Zieber, 3 Cir., 161 F.2d 90, certiorari denied 333 U.S. 827, 68 S.Ct. 454, 92 L.Ed. 1112; United States v. Graham, D.C.N.D.N.Y., 108 F.Supp. 794; United States v. Strebel, D.C.Kan., 103 F.Supp. 628; United States v. Laier, D.C.N.D.Cal., 52 F.Supp. 392.

tion of a local draft board on the ground that it exceeded its jurisdiction even though the Selective Service Act, 50 U.S.C.A.Appendix, § 310(a) (2), declares local board decisions to be final except for administrative appeal. Counsel argues persuasively that the same limitation on the word "final" should be applied to the finality accorded presidential determinations by 50 U.S.C.A. Appendix, § 460(b) (3). The Estep opinion does not even mention the Bowles case. If there be any inconsistency between them, we shall, until otherwise instructed, follow the later authority. The petition for rehearing is denied.