## LEHR v. UNITED STATES.

### No. 10646.

Circuit Court of Appeals, Fifth Circuit.

Dec. 16, 1943.

Rehearing Denied Jan. 14, 1944.

Bernard A. Golding, of Houston, for appellant.

Douglas W. McGregor, U. S. Atty., and William R. Eckhardt, III, and Joseph W. Cash, Asst. U. S. Attys., all of Houston, Tex., for appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Appellant, a male citizen of the United States, thirty-two years of age, a chiropractor, and a married man without children, considering himself essential to the health of the community, chose to follow his own notions about his obligations for military service and to disregard the holding of the Local and Appeal Boards to the contrary. He refused to report for induction when ordered. Prosecution, trial, conviction, sentence, and this appeal followed.

Anteceding these events appellant had been placed by his Local Board in Class I–A. The classification was, by the Appeal Board, affirmed, after which the order of induction followed in due course. After receipt of the notice to report for induction, appellant appeared several times before the Local Board in an effort to secure a change of classification from I–A to III–B on the ground that his occupation as a chiropractor rendered him a registrant necessary to the health of the community. Appellant claimed deferment and exemption under Activity and Occupational Bulletin No. 32, Subject: Health and Welfare Services. This bulletin was issued by National Headquarters of Selective Service System under the authority of subparagraph (e) (1) of Section 305, Title 50 U.S.C.A. Appendix, which authorized the President, under such rules and regulations as he may prescribe, to provide for the deferment of persons found by the Local Board to be necessary to the maintenance of the national health, safety, or interest. Bulletin 32 provides that the Director of Selective Service desires that Local Boards, when considering the classification of any registrant who is a "medical doctor, dentist, or doctor of veterinary medicine", should consult with the State Chairman of the Procurement and Assignment Service, which latter organization was created for the purpose of gathering information with respect to the supply of qualified medical doctors, dentists, and doctors of veterinary medicine. This bulletin in no wise required the Local Board to defer a registrant who was a medical doctor, dentist, or veterinarian, nor to classify him differently from that of any other non-professional and similar registrant, and provided that such registrants would be classified without regard to the fact that a commission in the armed forces might be

granted to such registrant. The determination of the classification of such registrants was left, subject to the right of appeal, entirely with the Local Board. Chiropractors are not mentioned in the bulletin, but this would not prevent a deferment by the Local Board if it found the registrant essential to the health of the community. Moreover, Bulletin 32 was not issued until after appellant had refused to report for induction.

In appellant's effort to show that he was essential to the public health of the community he belatedly, or after he had been ordered to report for induction, presented to the State Selective Service Headquarters of Texas numerous letters and testimonials from patients of the registrant to the effect that in the opinion of the authors the appellant should be given a deferred classification as a registrant necessary to the health and welfare of the community and particularly to the health of the individual writers. The State Director forwarded the letters and testimonials to the Local Board, but with a letter in which the State Director did not request the Local Board to reopen the case. Appellant then appeared before the Local Board and announced that he would not go into the Army and could not be inducted. In view of this statement by the registrant the State Director then expressly declined to ask the Local Board to reopen the classification of the registrant.

■ Section 626.2 of the regulations provides that "the classification of a registrant shall not be reopened after the Local Board has mailed to such registrant an order to report for induction, Form 150, unless the Local Board first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control". The regulations also provide that the Local Board shall reopen and consider anew a registrant's classification upon written request of the State Director or of the Director of Selective Service. The regulations also provide that the Local Board shall not reopen a registrant's classification in a case involving occupational deferment when the Local Board is of the opinion that the information accompanying the request for reopening fails to present any facts in addition to those considered when the registrant was classified, or if the facts so presented would not, in the opinion of the Board, justify a change in the registrant's classification.

There was: (1) No change in the status of the registrant, over which he had no control, between the date of his classification and the date of his request for reopening; (2) No request from the State or National Director of Selective Service that the registration be reopened and considered anew; (3) No information accompanying the request presenting any facts in addition to those considered when the registrant was classified. His questionnaire showed that he was a chiropractor and it is a matter of common knowledge that chiropractors treat patients according to chiropractic methods. His questionnaire showed that his entire earnings were from the practice of his profession.

Appellant seeks a reversal on the ground that the lower court erred in ruling that the registrant could not challenge his classification, which classification, he is contending, was based on an improper construction of the law. In other words, the appellant insists that the Draft Board made an error of law in refusing to reopen the classification of the registrant. Most of the brief of appellant is devoted to the argument that the courts have the power to correct an error of law committed by the Local Board, but without a showing that the Local Board committed an error of law his premise is baseless and his conclusion must fail. We find no error of law or fact in the record.

■■ One of the primary functions of the federal government, as stated in the Preamble to the Constitution, was "to provide for the common defense". The right to raise and support armies was expressly conferred upon the Congress by the Constitution. In the attempt of Congress to provide for the common defense and to raise an army, it enacted the Selective Training and Service Act of 1940, Secs. 301–318, Title 50 U.S.C.A. Appendix, and the Service Extension Act of 1941, Secs. 351–362, Title 50 U.S.C.A. Appendix. Section 303 states that every male citizen of the United States, and every other male person residing in the United States, who is within the prescribed age limits at the time fixed for his registration shall be liable for training and service in the land and naval forces of the United States, except as otherwise provided in the Act. Under the Selective Draft Act of 1917, 50 U.S.C.A. Appendix, § 201 et seq., the Local Board had the power to *exempt* registrants from the military service, but under the Selec-

tive Service and Training Act of 1940, the Local Board can exempt no one from service. It may defer, but it cannot exempt. The duty is upon every male citizen to serve unless *Congress* has by the statute *exempted* the registrant from the service. Every male person must register and none are exempt from registration except those already in the military service or expressly mentioned in Section 305. No male person other than a minister of religion and students preparing for the ministry under certain conditions are *exempt* from the Act. The Vice President, Governors, and officers of the National and State Governments are not even exempt, but are, "while holding such offices, * * * *deferred* from training and service under this Act". (Italics added.) The Act also provides that no exception or exemption of deferment shall continue after the cause therefor ceases to exist. It is the legal duty, therefore, of every male citizen of the United States, within the age group, to serve, as and when ordered, except a minister of religion. Appellant does not belong to the armed forces, he is not a minister of religion, he is not one whom the President has expressly deferred because of occupational reasons, he is not a conscientious objector, he is not a State or Federal officer, nor is he in diplomatic service, and he is within the age group liable to duty. The President might have deferred him under the provisions of subparagraph (e) (1) of 305 if the Local Board, under the provisions of Section 310(a) (2), had found that the appellant was necessary to the maintenance of the national health, safety, or interest. Section 310(a) (2) expressly confers upon the Local Boards the "power *within their respective jurisdictions* to hear and determine, subject to the right of appeal to appeal boards herein authorized, all questions and claims with respect to inclusion for, or exemption or deferment from, training and service under this Act of all individuals *within the jurisdiction* of such local boards. The *decisions of such local boards shall be final* except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe." (Italics added.)

It is admitted that the appellant is within the jurisdiction of the Local Board in question. It is admitted that he is within the age limits prescribed. It, of course, cannot be argued that he was an officer, or a minister, or belonged to the other clas-sifications expressly deferred by the Act. Under the Act a decision of the Local Board is final on all questions of *deferment* and *classification* if the Board had jurisdiction of the registrant, unless the decision is set aside on appeal.

We take it that a person who is not within the age limits, or who is a female, or who is a minister, or who has been deferred expressly by the Act, is not an "individual within the jurisdiction" of the Local Board, but whether we consider it as lack of jurisdiction or lack of legal power, the legal effect would be the same, and the courts can, and will, prohibit the usurpation of unauthorized power. The power to classify those subject to service is vested with complete finality in the Local Board, except in instances where a further appeal is authorized by the President. In all instances where the Selective Service Boards, Local and Appeal, have exercised their discretion within the scope of their grant of power the courts cannot interfere. The Local Board is not a court that must swear witnesses, allow representation by counsel, and act only on the evidence presented. It may act on matters within the knowledge of the Board whether in evidence or not. It is faced with the duty of furnishing men for the defense of the nation from those whom Congress has declared are liable to military duty, and it cannot suspend and have a formal trial, under the established rules of evidence, for every unwilling registrant who asserts his objection to the performance of that duty. All men, within the age groups, except ministers and ministerial students, owe that duty, and the only questions open to discussion as to an able-bodied registrant are: (1) The type of duty (whether combatant, non-combatant, or limited); and (2) The time when such duty shall commence (whether essential occupation, dependency, or official position renders deferment (temporary or indefinite) advisable). An able-bodied, non-ministerial registrant, who is not within a class deferred by statute, cannot complain to the courts, when his number comes up in due course, because the Board did not see fit to grant him a deferment and to send another young man in his place in order to fill its quota. The most that the Board could have granted the appellant was a postponement of the date for the beginning of his service.

The genius of the Selective Service Law, and the reason that it was so successful in 1917 and today, is found in the provisions of the law that place the responsibility of determining whether or not a registrant is called to service or deferred upon his neighbors, the Local Board. The Local Board, when acting within the scope of its power in respect to classification and deferment, is wholly free from domination or control by the military or judicial arms of the Government. Its function is an administrative one. The highest ranking naval or military officer in the armed forces can in no wise dictate to the Local Board in a matter committed to its discretion. The courts have never undertaken to control the discretion of an administrative officer or board and the Act here under consideration does not empower the courts now to do so but expressly provides that such acts of the Board shall be final.

There are numerous regulations for the government of the Local Boards in order that the Act might be uniformly administered throughout the nation, and the regulations relating to the reopening of a classification are explicit and clear and provide that after an order of induction has been issued the Board cannot reopen and reclassify except for some cause beyond the control of the registrant. After an appeal has been passed upon, the classification cannot be reopened except upon the request of the State or National Director of Selective Service. Neither of these contingencies is present in this case, and no law or regulation was violated by the Local Board in declining to reopen and reclassify the appellant.

It may be conceded that a chiropractor is an aid to the health of the community, but so is a medical doctor or a dentist; yet neither of the latter is entitled to deferment unless the Local Board should find that he is essential to the health of the community. It would be entirely lawful for a Local Board to send a medical doctor to the armed forces if the community were so oversupplied with doctors as to render him unessential to the health of the community. The judgment and the discretion of the Local Board in the matter of the deferment of a registrant subject to its jurisdiction is not a subject of review by the Federal Courts. These are courts of limited jurisdiction, having only such power as is conferred by statute. The Congress has the power by statute to restrict the settlement of controversies to agencies of the Government other than the federal courts. See Switchmen's Union of North America v. National Mediation Board, 64 S.Ct. 95, opinion filed Nov. 22, 1943; General Committee of Adjustment of Brotherhood of Locomotive Engineers for M.-K.-T. R. R. v. Missouri-K.-T. R. Co., 320 U.S. 323, 64 S.Ct. 146, decided Nov. 22, 1943; Butte, Anaconda & P. R. v. United States, 290 U. S. 127, 54 S.Ct. 108, 78 L.Ed. 222.

In the matter of the deferment of registrants, Congress has wisely provided that the decision of the Local Board, with the right of appeal, should be final. This, standing alone, deprives the federal court of jurisdiction to review the action of the Local Board except in cases where a Local Board was alleged to have acted without the scope of its grant of power.

A registrant cannot substitute his own, nor his patients', views as to his essentiality to the health of the community for that of the Board any more than can the registrant substitute his own conception of liability to military service for that declared to be his by the Congress.

Judgment of the lower court is affirmed.