### CRAMER v. FRANCE, Commanding Officer, Ft. McArthur, Cal.

#### No. 10765.

Circuit Court of Appeals, Ninth Circuit.

March 29, 1945.

802

Charles H. Carr, U. S. Atty., and James M. Carter and Arthur Livingston, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

The appellant, claiming that he had been improperly inducted into the Army of the United States, petitioned the United States District Court for the Southern District of California for writ of habeas corpus directed to Colonel Jesse G. France, Commanding Officer at the reception center, Fort McArthur, California. The writ was issued, return was made, the hearing was had, and petitioner was remanded to the custody of the United States Army. From this order petitioner appeals.

Petitioner's claim is that he is entitled to exemption from service under § 5, new subdivision K of the Selective Service Act, 50 U.S.C.A.Appendix, § 305(K), as one "necessary to and regularly engaged in an agricultural occupation or agricultural endeavor essential to the war effort so long as he remains so engaged until such time as satisfactory replacement can be obtained." '

The respondent filed a return to the writ alleging that the petitioner was under his jurisdiction although on furlough and alleged that he was then regularly in the military service of the United States and that he was expected to appear on the hearing. Whether he did in fact appear in person is not shown by the record.

At the hearing on the writ it was stipulated that the petition for the writ should be considered a traverse to the return. The judgment of the District Court recites that "evidence having been offered and received", but the record before us does not contain any evidence. Apparently the parties assumed that the matters alleged in the petition for the writ of habeas corpus, particularly the matters set up in the exhibit 1 thereto,[1] were true and were properly before the court. It is also so assumed in the briefs and argument on this appeal. This exhibit 1 was a part of the stipulated traverse and, consequently, was not evidence but pleading.

Philbrick McCoy, of Los Angeles, Cal., for appellant.

However, in connection with this appeal it was stipulated that the original docu-

[1] Purporting to be a copy of appellant's file before the local Selective Service Board.

ments in possession of the clerk of the District Court should be presented to the Circuit Court of Appeals in connection with the appeal. As both parties seem to agree to the correctness of these documents it seems unnecessary to require further proof that they were presented to and considered by the trial judge.

The appellant was originally classified as a farmer exempt from induction by reason of his farmer activities. Although his farms are in South Dakota he registered with the local board in Long Beach, California. After two years the attention of the local board was again directed to the claim of the appellant for exemption as a farmer. A letter dated August 12 was directed by the local board to L. T. Ellis of Mitchell, South Dakota, was referred by him to the U.S.D.A. War Board of Douglas County, South Dakota, and was answered August 18, 1943, by a communication from that War Board, where the appellant's farms are located, stating that the petitioner was not essential to the war effort and indicating that his claims for exemption should be no longer allowed as persons similarly situated in that agricultural area were being inducted.[2] The local board, therefore, on September 11, 1943, reclassified the appellant in classification A-1. He was notified of this classification and on September 17, 1943, he asked leave to appear in person and present his evidence. The date of October 12, 1943, was fixed by the local board and on that date he appeared before the local board and presented his evidence. He summarizes such evidence as follows in his petition for writ of habeas corpus:

"(1) petitioner's affidavit to support claim for occupational deferment; (2) thirty-one affidavits signed by residents of South Dakota; (3) copies of letters dated August 18, 1943, September 3, 1943, September 7, 1943 and October 4, 1943, comprising the correspondence between Isaac C. de Velder, Chairman, U.S.D.A. War Board, Douglas County, South Dakota, and said Local Board No. 271; (4) two letters dated September 8, 1943 and September 29, 1943 from the Governor of South Dakota to said Local Board No. 271, and a letter dated September 9, 1943, to petitioner from Hon. Chan Gurney, a United States Senator, and a letter dated October 1, 1943, from Hon. Stewart Sharpe, of Delmont, South Dakota; and (5) certain letters and statements from petitioner to said Local Board No. 271, dated September 11, 1943, September 17, 1943, September 18, 1943, October 11, 1943, and October 12, 1943. All of said documents were a part of the record before said Board on October 12, 1943, when petitioner was reclassified by said Board."

These statements were incorporated in the appellant's file and were sent to the appeal board.

On November 5, 1943 the Appeal Board reviewed the record and approved the classification of 1-A and forwarded the record to the State Director of Selective Service at Sacramento, California. Petitioner, through his attorney, requested a further opportunity to present evidence to the local board. The State Director promised that the record would be returned to the local board for the reception of further evidence. Nevertheless, without doing so, the Director approved the classification 1-A and ordered petitioner's induction. The National Director of Selective Service, at the instance of the petitioner, stayed the petitioner's induction until November 29, 1943, to enable the petitioner to present the results of an inquiry conducted by Governor H. T. Sharpe of South Dakota. The report of Governor Sharpe was filed by petitioner with the State Director of Selective Service on November 26, 1943. Appellant claims that by reason of the prejudice of the local board he was not given a full hearing. He was classified as 1-A on October 12, 1943.

On October 18 petitioner appealed from the decision of the local board but the record was forwarded to Frank C. Lyman, Co-ordinator of Selective Service in Los Angeles County, for review, instead of to the Appeal Board. On October 25, 1943, the record was referred to the Appeal

---

[2] Appellant concedes it is proper for the local board to request and receive information from the United States Department of Agriculture County and War Board of Douglas County, South Dakota, for information which would enable the Board to properly classify the registrant. Regulation Sec. 621.7 so provides.

Appellant's complaint is that the U.S. D.A. War Board should not have expressed an opinion as to the classification of the appellant but should have confined itself to a statement of the facts from which the local board might determine that question. We will consider this question later in the opinion.

Board. On October 29, 1943, the Appeal Board returned the record to the local board for the inclusion of additional evidence "by direction by the Co-ordinator." Thereupon each of the three members of the local board who had voted for his A-1 classification filed statements dated October 20, October 21, and November 1, respectively, purporting to be on a matter of personal privilege. These statements were in reply to allegations of prejudice contained in a statement of the appellant to the local board dated October 18, 1943, which he prepared in ostensible compliance with regulation 625.2(b),[3] which required that the information furnished by the registrant should be in writing or, if oral, should be summarized in writing and placed in the registrant's file.

■, In view of the fact that the hearing before the appeal board was de novo, United States v. Pitt, 3 Cir., 144 F.2d 169, on the file the prejudice of the members of the local board, if any, was not relevant to the record. The appellant is hardly in a position to complain of the filing in the record of denials to his allegations of prejudice which had been incorporated in the file at his request.

■ The further evidence which registrant Cramer requested leave to submit to the local board was not available until November 26, 1943, whereas the record had left the hands of the local board "on or about October 12, 1943". The appellant had no right to a new trial on the issue of his classification. To reopen the issue would be an act of grace the denial of which forms no basis for questioning the order of induction.

Appellant specified as error that in classifying him as I-A instead of II-C he was denied due process of law within the meaning of the Fifth Amendment. He further specifies as error the denial of due process of law in his hearing de novo before the Appeal Board, given him by the following portions of section 627.13 of the Regulations: "627.13 * * * If any facts considered by the local board do not appear in the written information in the file, the local board shall prepare and place in the file a written summary of such facts. In preparing such a summary the local board should be careful to avoid the expression

of any opinion concerning information in the registrant's file and should refrain from including any argument in support of its decision"—in his specification of error III, as follows: "The District Court, in its oral decision, erred in holding that the local selective service board fully complied with section 627.13 of the Selective Service Regulations, requiring such Board to prepare and place in the file of the registrant a written summary of all facts considered by the local board which do not appear in the written information in the file."

No summary of appellant's oral evidence before the local board was ever made by that board, as a board, and placed in appellant's file in that board, though appellant claims he was examined orally by that board in his hearing thereof October 12, 1943. The applicant was required by regulation 625.2(b) to furnish a written summary of his oral testimony.

On October 18, 1943, appellant filed with the local board a statement of what he claimed was his oral testimony but, obviously, this in no way was a substitute for the local board summary.

The three separate statements of personal privilege were filed by the board members refuting charges of unfairness in the statement filed by appellant on October 18, 1943. As stated, there was no impropriety in placing these in the file. However, no one of them purports to be a summary of the appellant's oral testimony.

■ Appellee claims, and the district court held, that these four documents taken together constitute the summary which is the method by which the oral evidence is brought before the Appeal Board for the hearing there de novo. For the reasons stated, we do not agree.

■ The record shows that appellant at the October 12th hearing read to the local board, and filed, a long statement of the facts he claimed to warrant his classification as II-C. On this he was orally examined by the local board. Though there is no summary of this examination by the Board, the question is whether appellant has shown, as required by section 627.13 of the regulations, that there are any facts stated in the oral examination "which do not appear in the written information in the file" of appellant. Ap-

---

[3] The appellant called attention to this regulation by number (625.2 b) and re- quested that his statement be placed in his file.

pellant has shown no such facts and hence has not shown that any summary was required of the local board. Cf. Walker v. Johnston, 312 U.S. 275, 286, 61 S.Ct. 574, 85 L.Ed. 830.

The appellant contends that the decision of the local Selective Service Board was arbitrary and capricious and therefore a denial of due process, making the classification by the board void and rendering its induction order of no effect. This contention is based in large measure on the proposition that the board acted upon no evidence other than the opinion of the U.S.D.A. Board of Douglas County, South Dakota, and that such opinion was not evidence. This is taking a rather technical view of the correspondence between the local board and the U.S.D.A. War Board. The appellant also quotes from a letter written by the chairman of the local Selective Service Board to its secretary stating that under section 2 of the recent bulletin "coupled with a letter from the South Dakota draft board, makes it almost mandatory for our board to classify Mr. Cramer 1-A."

This statement hardly requires consideration by us for the reason that it is clear the board proceeded to seek information concerning the status of the appellant and gave him a full hearing on October 12th. Moreover, we think the trial court is right in its assumption that appellant, having taken an appeal from the local board to the appeal board and secured a ruling of the latter as to his classification, cannot now complain to the court concerning the conduct of the local board. The action of the board of appeals completely supersedes the action of the local board in classifying appellant, although the classification is the same.

The principal complaint of the appellant as to the appeal board is that it acted upon a record which incorporated the exculpatory statements made by the several members of the local board in response to the appellant's charge of prejudice contained in his summary of October 18, 1943, above referred to. There is no merit in this contention. It will be presumed that no weight was given to such irrelevant matter by the appeal board. The appellant had a fair hearing; the order of induction is not void.

Judgment affirmed.