**UNITED STATES v. LYNCH.**

**No. 23024.**

United States District Court
S. D. California, Central Division.

Oct. 19, 1953.

Laughlin E. Waters, U. S. Atty., Ray H. Kinnison, Asst. U. S. Atty., Chief of Criminal Division. Edward J. Skelly, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

J. B. Tietz, Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

The defendant, a conscientious objector, is before this court charged with refusing to be inducted into the armed forces of the United States.

Registrant filed his original questionnaire with his local board which, after review thereof, classified him as 1–A. Feeling that he was entitled to a lower classification, registrant asked for a personal interview which was granted, and subsequent to the interview he was again classified 1–A. Deeming this classification erroneous, the registrant appealed to the appeal board which also classified him as 1–A. Registrant was ordered to report for induction which he did but refused to be inducted, and this prosecution followed.

All registrants file with their local boards an information questionnaire. From the information provided by registrant, the local board determines into which classification he shall be placed. If the registrant is dissatisfied with the classification, he may request a personal hearing before the board, at which hearing he may discuss with the board the classification assigned, the reason he deems himself entitled to a lower and different classification and, if he so desires, introduce additional evidence by affidavits and letters. After the interview the local board reclassifies the registrant "as if no previous classification had been made."

In the case at bar, registrant made a request for an oral hearing before the board, and at the hearing discussed his classification. Subsequently the local board reclassified the registrant 1–A. Deeming the classification in error, the registrant appealed to the appeal board.

When a conscientious objector files such an appeal, the matter is referred to the United States Attorney who, in turn, sends the matter to the F. B. I. which makes a new and independent investigation through interviews with relatives of the registrant, his acquaintances, fellow-employees, fellow-students and friends, to determine if possible whether the registrant's claim is valid or, in other words, to determine whether the registrant is a "conscientious" conscientious objector. After investigation by the F. B. I. a summary of the information gathered from the various persons inter-

viewed relative to the registrant is made and forwarded to a hearing officer.

The hearing officer then reviews the file, considers it, together with the information furnished by the F. B. I., and determines whether or not in his opinion the conscientious objector's claim is valid. He forwards to the Attorney General his recommendation as to the claim, recommending its affirmation or denial.

After receipt of the hearing officer's report, the Attorney General writes a letter to the appeal board, in which he summarizes to some extent the findings as made by the hearing officer and recommends to the appeal board that the registrant's claim be either sustained or denied. Subsequent to receipt of the letter from the Attorney General the appeal board makes an entirely new classification of the registrant.

After the appeal board's certification, the file (together with the Attorney General's letter and the new classification) is forwarded to the local board. The new classification of the appeal board is final unless there is an appeal perfected to the President of the United States.

Section 1626.25 of the regulations having to do with appeals involving the question whether or not a registrant is entitled to a conscientious objector classification provides, in part, that "the appeal board shall proceed with the classification of the registrant."

Subsection (c) provides: "Upon receipt of the report of the Department of Justice, the appeal board shall determine the classification of the registrant, and in its determination it shall give consideration to, but it shall not be bound to follow, the recommendation of the Department of Justice."

Section 1626.26 provides: "(a) The appeal board shall classify the registrant, giving consideration to the various classes in the same manner in which the local board gives consideration thereto when it classifies a registrant, * * *." Subsection (b) provides: "Such classification of the registrant shall be final, except where an appeal to the President is taken; * * *."

Section 1626.27 provides: "When the appeal board makes its classification, * * *."

■ The foregoing excerpts from the regulations make it very apparent that the classification by the appeal board is a new and separate classification. Cramer v. France, 9 Cir., 148 F.2d 801; Tyrrell v. U. S., 9 Cir., 200 F.2d 8.

In the case at bar the regular procedure was followed. Twice the local board classified registrant 1–A. He felt he was entitled to a lower classification and perfected an appeal. The matter went to the hearing officer who reviewed the file and the information obtained by the F. B. I. and recommended to the Attorney General that registrant be classified 1–A–O. The Attorney General then wrote to the appeal board, outlining the information obtained by the F. B. I. and the recommendation of the hearing officer, and the Attorney General recommended registrant be classified 1–A–O. The appeal board, upon receipt of the recommendation, refused to follow it and classified registrant 1–A. This, registrant claims, was an arbitrary classification and is not supported by the facts.

In conscientious objector cases the defendants usually point out to the court certain alleged irregularities in the action of local boards. It is repeatedly claimed local boards act arbitrarily without any foundation of fact, sometimes even refusing to grant to registrants the hearings as required by the regulations. It should be pointed out, however, that at no time during the procedure as outlined above is the action of a local board "approved." In each instance there is a new classification; and after the hearing before the local board, it is provided by the regulations that the board shall reclassify "as if no previous classification had been made." In making its classification, the appeal board does not affirm nor deny the classification as made by the local board but makes a new, separate and independent classification.

■ Consequently this court is of the opinion that if there is any error or discrepancy in the action of the local board, that error or discrepancy has no effect upon the substantial rights of the registrant, as he receives an entirely new classification from the appeal board. Unless there is something in the file to indicate the appeal board was misled, it would seem to the court that if there were any errors made by the local board, they are corrected, as the appeal board's classification is a new and separate action. Cramer v. France, 148 F.2d 801.

The United States Court of Appeals for the Eighth Circuit came to the same conclusion in the case of Davis v. United States, 203 F.2d 853, at page 857, in which the Court said:

> " * * *. The decision of the appeal board continuing the 1–A classification made by the local board was conclusive against the collateral attack attempted in the criminal case against the local board's proceedings, * * *."

■ Therefore we are constrained to hold in this case, as in cases similar thereto, that the decision of the appeal board is conclusive against any collateral attack made against the local board's proceedings, and if the local board did make an error, that error cannot be raised as a defense in the action at bar. Our duty here is to look at the entire record before the appeal board to determine whether or not the classification by the appeal board was arbitrary. If there is any basis of fact to support the appeal board, then we must necessarily find the defendant guilty as charged. On the other hand, if there is no basis in fact, then he must be found to be not guilty.

The local board twice classified registrant as 1–A. The record shows that the hearing officer determined he should be classified 1–A–O. The Attorney General reviewed the file and the recommendation of the hearing officer and recommended to the appeal board that registrant be classified 1–A–O. The appeal board refused to follow the recommendation of the Attorney General.

The hearing officer and the Attorney General had before them for consideration more information than was available to the local board when it classified and reclassified the registrant 1–A. Subsequent to appeal to the appeal board a separate, independent investigation was made by the F. B. I., the sole purpose of which was to ascertain if the claim as a conscientious objector was valid. This could be ascertained only by determining the reputation of the registrant in his own community based upon his past actions and activity. One who over a period of years has demonstrated his abhorrence of war will have slight difficulty in establishing his claim as a conscientious objector, for his reputation has been established; but one who becomes a "conscientious objector" when the local draft board is breathing down his neck has indeed a problem to verify that he is entitled to a conscientious objector classification.

Great weight must be given to the F. B. I. investigation, as there is no reason to assume that its report is anything but factual and entirely unbiased and unprejudiced. Since the Department of Justice had considerably more information than was before the local board, the opinion of the Department of Justice as to the classification certainly deserves more weight than does the opinion of the local board. While it is true the regulations provide that the appeal board must consider the recommendation of the Department of Justice but does not have to follow it, it seems to this court that if the recommendation is not followed, there should be something in the file to indicate why the appeal board has not done so.

■ We have reviewed the files, and there is nothing to indicate why the appeal board felt the classification of the defendant herein should be 1–A rather

than 1–A–O. In refusing to follow the recommendation of the Department of Justice without giving any reason therefor, it seems to this court the appeal board acted capriciously and arbitrarily.

Defendant is found not guilty.