## UNITED STATES v. MANCUSO.
### No. 8485.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 1, 1943.

Decided Nov. 22, 1943.

John Pemberton Jordan, of Philadelphia, Pa. (George O'Dougherty, of Philadelphia, Pa., of counsel), for appellant.

Gerald A. Gleeson, of Philadelphia, Pa., for appellee.

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

Philip Frank Mancuso was indicted and convicted in the court below upon the charge that he failed to appear and present himself for induction into the United States Army upon order of his Local Board in violation of the provisions of the Selective Training and Service Act of 1940. 50 U.S.C.A.Appendix, § 311. This conviction came as a culmination of a series of incidents which could be called a comedy of errors were the subject not so serious both for the defendant and the public welfare. A recital of those incidents must be given to bring into focus the legal question involved in this appeal.

Mancuso, previously classified as III-A by his Local Board, was reclassified and placed in class I-A on December 14, 1942. He thereafter appeared personally before two members of his Local Board to argue the correctness of his classification but was retained by the Board in class I-A. The registrant appealed. The Appeal Board unanimously affirmed this classification. The registrant received his notice of induction, dated February 26, 1943, for induction on March 9, 1943. At this stage, Mancuso, on March 5, 1943, filed a complaint in the District Court of the United States asking for relief in the nature of mandamus. Attached to the complaint was an ex parte order which the District Court Judge then sitting signed. The order required the members of Mancuso's Local Board to appear and show cause why they had not conducted the business of the Local Board in accordance with the provisions of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq. It also provided that the orders of classification and induction sent Mancuso "be held in abeyance and all further proceedings be stayed meanwhile, pending further order of this court." The order was made returnable on March 8, 1943. On the latter date, the same District

Judge issued another order vacating the Board's induction order and ordering the Board to give Mancuso a new hearing. On March 11, 1943, the District Judge entered an order "that the foregoing order be marked withdrawn." referring to the order of March 8, 1943.

The Local Board on March 26, 1943, sent Mancuso a second order to report for induction on April 7, 1943. Mancuso did not obey this order but did, in response to a notice of suspected delinquency sent by the Board April 7, send it a telegram on April 11, referring to the pending proceedings regarding him in the District Court. On May 27 and 28, 1943, the District Judge held a hearing on the merits of the complaint filed on March 5, 1943. He dismissed the action on June 2, 1943. This was the connection of this Judge with the case. That same day, the Local Board sent Mancuso a letter telling him to report for induction on June 4 "in obedience to the order dated March 26th, 1943." This the defendant did not do. On June 28, 1943, defendant was indicted, although he had been arrested on April 14, 1943, apparently for failure to obey the March 26 order. The offense charged in the indictment is more specifically described further on. Trial (before a second District Judge), conviction and sentence followed.

■ It is apparent at this date that the actions taken by the first District Judge in the civil proceeding which came before him were erroneous. Judicial review, in the manner attempted, of the orders of Mancuso's Local Board should not have been allowed. This Court has held that judicial review of a Local Board's action may not be had by habeas corpus[1] or certiorari[2] prior to induction, nor by offering evidence of the incorrectness of a Local Board's classification as a defense for failure to obey an induction order.[3] The Congressional intent, shown in the provisions of the Selective Training and Service Act, to keep the administrative process of the Selective Service System free from the delays and disruption incident to court interference prior to induction, was the fundamental reason for our decisions. The same holds true, of course, when review is sought prior to induction by the remedy formerly available through a writ of mandamus. The District Judge, therefore, should not have issued the original ex parte order and should have dismissed the complaint without entering into the merits.

■■ If the defendant's conviction for failing to obey the induction order is not to be sustained, it must be because of some protection given him by what occurred in the civil action he brought before the first Judge on March 5, 1943. On that date the District Judge, before whom his case had come, issued the order recited above staying all proceedings until further order of the court. This was in effect an injunction purporting to stay the Local Board from further action with regard to Mancuso so long as the injunction remained in force. The government contends that this stay order ceased to be effective because it was superseded by the order of March 8. The trouble with that argument is that the order of March 8 was "withdrawn" by the Judge on March 11. We do not see any escape from the proposition that the March 11 order left things where they were at March 5 with a stay order in effect. Then, with this stay order operative, the Board sent Mancuso another induction order on March 26. This certainly was directly contrary to the stay order issued by the District Judge.

Then, after dismissal of the complaint on June 2 the Board immediately sent Mancuso the letter telling him to report on June 4. But the government does not contend that the letter of June 2 was an induction order. It was not on the regular form and itself referred to the order of March 26, 1943. Indeed, the indictment under which the defendant was tried charges the defendant with failure to appear for induction "as he was notified * * * to do on the 2nd day of June, 1943, which notification and order was made pursuant to a notification and order to report for induction made the 26th day of March, 1943, * * *." In other words, the government stands on the March 26 induction order. Mancuso claims that the June 2 letter was not an induction order on the prescribed Form 150, but was just

---

[1] Ex parte Catanzaro, 3 Cir., 1943, 138 F.2d 100.

[2] Drumheller v. Berks County Local Board No. 1, 3 Cir., 1942, 130 F.2d 610.

[3] United States v. Grieme, 3 Cir., 1942,

128 F.2d 811; United States v. Bowles, 3 Cir., 1942, 131 F.2d 818, affirmed on other grounds, 1943, 319 U.S. 33, 63 S.Ct. 912, 87 L.Ed. 1194.

a notification. That is perhaps technical, but we think he is entitled to make it. His position is stronger because the government did not in the indictment, and does not, in this Court, claim that the letter of June 2 was an induction notice.

We have the legal question, then, whether the defendant can be punished for failure to obey an order made by the Local Board when its issuing of such an order to Mancuso was interdicted by the judicial decree of March 5, that decree being, itself, erroneous and subject to reversal.

We think the defendant cannot be convicted for failing to obey an order, issuance of which is forbidden by the court's injunction. While it is true that men are, in general, held responsible for violations of the law, whether they know it or not,[4] we do not think the layman participating in a law suit is required to know more law than the judge. If the litigant does something, or fails to do something, while under the protection of a court order he should not, therefore, be subject to criminal penalties for that act or omission. Direct authorities on the point are seemingly not numerous,[5] although the point of view thus expressed has received the approval of thoughtful authorities writing in the field of criminal law.[6] The result finds supporting analogy in the immunity of one who delivers a chattel or enters land in obedience to a court order fair on its face even though that order is erroneous.[7]

It is to be noted that while the order was erroneous it was, nevertheless, not like a purported court order signed by a stranger. Nor was it void for want of jurisdiction over the subject matter as might be the case if a federal District Judge purported to grant a divorce decree. The District Judge, under the statute,[8] was armed with all the ordinary judicial weapons. He has authority in mandamus cases[9] and may, in a proper instance, give such relief. In other words, the District Judge here was acting within his jurisdiction, using that term as the power to hear and decide, although he should not have exercised that jurisdiction in this particular case.

The result indicated above, we believe, is bottomed on sound considerations of public policy. The process of litigation is provided by organized society as a peaceful and orderly method of settling disputes. If the defendant claimed his legal rights were adversely affected by what the Local Board had done with regard to him he was privileged to appeal to the courts for such relief as he was entitled to under the law. As it turned out, the court before whom his proceedings first came gave him for a time more than the full measure of his legal rights. But until the order of March 5 was vacated, either by the Judge who entered it or in some other fashion, it stood and the litigant can hardly be asked to determine at his peril the correctness of the court's decision. Appellate courts are provided for that purpose and the rule is well established that an initial decision stands until reversed or until vacated by supersedeas at the time of appeal.

Our conclusion is, therefore, that Mancuso's conviction cannot stand. He was, in his trial before the second District Judge, entitled to protection by the order entered by the first Judge in the civil proceedings, even though we agree with the District Judge before whom this case was tried that the action of his colleague was erroneous. We reverse the judgment of conviction with orders to discharge the defendant. This leaves the matter where it was before this litigation began. If Mancuso's classification is such that he is now immediately subject to call the Local Board is free to call him as it would any other registrant. Fortunately, the process of induction for the defense of the nation

---

[4] For a discussion of the distinction between ignorance and mistake of law see Keedy, Ignorance and Mistake in the Criminal Law (1908) 22 Harv.L.Rev. 75.

[5] See cases cited in Hall and Seligman, infra, at p. 673, footnotes 151 and 152.

[6] Hall and Seligman, Mistake of Law and Mens Rea (1941) 8 U. of Chi.L.Rev. 641, 673; see also Perkins, Ignorance and Mistake in Criminal Law (1939) 88 U. of Pa. L.Rev. 35, 43; Annotation (1927) 49 A. L.R. 1273.

[7] 1 Restatement, Torts (1934) §§ 210, 266, 276(1) and 277.

[8] 28 U.S.C.A. § 377: "* * * the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

[9] Ibid. Federal Rules of Civil Procedure, rule 81(b), 28 U.S.C.A. following section 723c; and statutes cited in Committee Note thereto.

has not in many instances been beset with difficulties which seem to have arisen in this instance.

The judgment of the District Court is reversed and the case remanded with directions to discharge the defendant.