**SCHWARTZ v. STRAUSS et al.**

United States District Court
S. D. New York.
July 3, 1953.

Bernard Schwartz, plaintiff, per se.

J. Edward Lumbard, Jr., U. S. Atty. for the Southern District of New York, New York City, for the United States. Samuel R. Pierce, Jr., Asst. U. S. Atty., New York City, of counsel.

DIMOCK, District Judge.

Plaintiff has commenced an action against various Selective Service System officials for a declaratory judgment and an injunction claiming that his selective service classification is erroneous as a matter of law and that he is thereby deprived of certain constitutional rights. Plaintiff now moves for a temporary injunction. He concedes, as I think he must, that there are many authorities that do not permit judicial review of such classifications before induction. While this form of proceeding was not involved, various appellate courts have stated the rule to be that selective service classifications cannot be reviewed by the courts until the administrative process has been completed. United States v. Mancuso, 3 Cir., 139 F.2d 90, 91; Falbo v. United States, 320 U.S. 549, 554, 555, 64 S.Ct. 346, 88 L.Ed. 305; Billings v. Truesdell, 321 U.S. 542, 558, 64 S.Ct. 737, 88 L.Ed. 917; United States v. Kauten, 2 Cir., 133 F.2d 703, 706, 707. One of the reasons for this rule is that the Congressional intent was to keep the administrative process of the Selective Service System free from the delays and disruption incident to court interference prior to induction, United States v. Mancuso, 3 Cir., 139 F.2d 90, 91. While I fully recognize the dilemma in which this places this particular plaintiff, none of the cases he cites stand for any different rule and I can find no basis for making an exception in this case. It appears that the plaintiff's remedy is by way of habeas corpus after induction or by refusing to be inducted after the administrative process is complete, Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567. I do not think that the Administrative Procedure Act, 5 U.S.C. § 1001 et seq., 5 U.S.C.A. § 1001 et seq., requires a different result. See Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603. Holding these views, I must deny plaintiff's motion for a preliminary injunction. I think that these views also require me to deny any stay pending appeal of this decision.