**WESTERBEKE**

v.

**LOCAL DRAFT BOARD NO. 2, ISLIP, N. Y. et al.**

Civ. No. 14011.

United States District Court, E. D. New York.

Feb. 2, 1954.

**442**

Lawrence Wiseman, New York City, for plaintiff.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y. (Lewis S. Flagg, III, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for defendants.

GALSTON, District Judge.

The plaintiff seeks to have the defendants restrained from re-classifying the plaintiff or ordering the induction of the plaintiff pending the trial of this action for a review of the action of the defendants.

The complaint alleges that the defendants, as a Local Draft Board, and the Appeal Board, classified the plaintiff in Class I–S and II–S, after June 19, 1951, which action permitted the plaintiff to complete his third year at Hofstra College, ending June 6, 1953. The complaint also alleges that he is now a senior class student.

It is alleged that the Local Board erred as a matter of law in failing voluntarily to release the plaintiff from its custody and jurisdiction.

The complaint, which is not always too clear in distinguishing between statements of fact and conclusions of law, continues by alleging that the plaintiff is no longer deferred, as the National Board classified him I–A on or about December 14, 1953, and that he is therefore no longer liable for induction under Sec. 6 (h) of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 456(h). Plaintiff alleges that he passed his twenty-sixth birthday on June 30, 1953, and therefore is not liable for induction under Sec. 4(a), 50 U.S.C.A.Appendix, § 454(a) and that he should be released from the jurisdiction of the Local Board. The complaint adds that on or about July 24, 1953, the Local Board improperly and illegally classified the plaintiff in I–A, and alleges that on information and belief the Local Board is now preparing to order the plaintiff to report for induction under Class I–A. He alleges that he has exhausted all administrative remedies to the point of carrying his appeal for II–S classification to the Local Board and to the National Appeal Board, and alleges that unless the defendants are restrained by this court, the plaintiff will suffer irreparable damage.

The plaintiff alleges that the actions of the Local Board and the Appeal Board are arbitrary, capricious, improper and illegal.

In a second and separate cause of action he alleges that he is entitled to a classification as a student under the provisions of the "Regulations", and to a deferment for the senior or fourth class year covering the academic year for September 1953 to June 1954.

In his prayer for relief, plaintiff seeks to have the classification from II–S to I–A set aside, and pending the trial of this action, to have a temporary restrain-

ing order issued enjoining the defendant from enforcing its order of re-classification.

The complaint was filed on December 19, 1953 and as yet no answer has been filed by the defendants; but the motion for the temporary restraining order is vigorously opposed by the defendants, who submitted in opposition their complete file. The defendants contend that the plaintiff has failed to exhaust administrative remedies available to him under the selective service system, and that the relief sought should be denied, for this court lacks jurisdiction of this action.

No express provision for judicial review to test the validity of a selective service classification is to be found in the Universal Military Training and Service Act of 1951, 50 U.S.C.A.Appendix, § 451 et seq. The Act provides that the decisions of the local boards shall be final, except for administrative appeals as authorized therein. 50 U.S.C.A.Appendix, § 460(b) (3). As the Supreme Court has noted, careful and detailed provisions have been made by Congress for the fair administration of the Act within the framework of the selective service process. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567. With these factors in mind, the Court has ruled that in order to invoke judicial review, whether the right thereto be based on the Constitution or on the Court's exercise of the general jurisdiction conferred on it by Congress, the administrative procedure for induction into military service, or its equivalent, must first be fully completed. Falbo v. United States, supra.

In the Falbo case, the petitioner was prosecuted for knowingly failing to obey a selective service board's order to report for assignment to work of national importance. He had been classified as a conscientious objector, and the order was in lieu of the usual order to report for military service. He contended that he was entitled to a statutory exemption from all forms of national service as a "regular or duly ordained" minister. He argued, therefore, that the board's classification being erroneous, no crime was committed because there was no "duty" to comply with a mistaken order. In affirming the petitioner's conviction, the Court found that a local board's order to report was "no more than a necessary intermediate step to a united and continuous process designed to raise an army speedily and efficiently" [320 U.S. 549, 64 S.Ct. 348], and held that no judicial review was available "before final acceptance of an individual for national service."

The plaintiff in the instant case contends that there is a right to judicial review here because, as alleged in his complaint, the Local Board acted beyond its jurisdiction when it classified him I–A. He cites the case of Estep v. United States, supra, as supporting this contention. Admittedly the authority of the local boards to hear and determine all questions of deferment from training and service is limited to action "within the respective jurisdictions" of such boards. 50 U.S.C.A.Appendix, § 460(b) (3). However, the Estep case, in ruling that judicial review of the local board's classification was authorized, did not distinguish the Falbo case on the ground that the local board acted beyond its jurisdiction. Rather, in the Court's own language:

"Falbo v. United States, supra, does not preclude such a defense (lack of jurisdiction) in the present case. In the Falbo case the defendant challenged the order of his local board before he had exhausted his administrative remedies. Here these registrants had pursued their administrative remedies to the end. All had been done which could be done." 327 U.S. 114, 123, 66 S.Ct. 423, 428.

The basis for distinguishing the two cases in respect to judicial review, therefore, is that in the Falbo case the petitioner attempted to challenge the local board's classification by refusing its order to report for the required service, regarded as a challenge before comple-

tion of the administrative process, whereas in the Estep case, the registrants' challenge of the local boards' classification was made by reporting for induction, being accepted, but refusing to submit to induction, regarded as a challenge after "all had been done which could be done" in the administrative procedure of induction.

■ In both the Falbo and Estep cases, the registrants sought judicial review of a local board's classification in the course of a criminal prosecution for alleged violation of the provisions of the selective service laws then in effect. In the case at bar, the plaintiff seeks a reclassification of his selective service status and an injunction preventing his induction even before making a decision as to whether he will obey or refuse to obey an order to report for induction. It is clear from the Falbo case that the attempted challenge here is premature because made before the administrative process provided under the selective service system has been completed.

In the case of Schwartz v. Strauss, D. C., 114 F.Supp. 438, 439, decided recently in the Southern District of New York, a similar motion for a preliminary injunction to prevent the plaintiff's induction, on the ground that the plaintiff's classification was erroneous as a matter of law, was denied. In its opinion the court stated:

"It appears that the plaintiff's remedy is by way of habeas corpus after induction or by refusing to be inducted after the administrative process is complete, Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567."

On appeal the case was affirmed, "on opinion below". 2 Cir., 206 F.2d 767.

The plaintiff seeks to distinguish his case on the ground that judicial review is possible, regardless of the stage of the administrative process, where it is apparent on the undisputed facts that the Local Board acted without jurisdiction. Even though there may be merit to this basis for distinction, see concurring opinion of Judge Frank, Schwartz v. Strauss, supra, it fails to aid the plaintiff in the circumstances shown here. The case does not rest on "undisputed facts". Nor is the interpretation of the law involved made by the plaintiff a sound one.

The plaintiff's case rests upon his interpretation of that portion of Section 6(h) of the Universal Military Training and Service Act of 1951, 50 U.S.C.A. Appendix, § 456(h), reading as follows:

"Provided further, That persons who are or may be deferred under the provisions of this section shall remain liable for training and service in the Armed Forces * * * under the provisions of section 4(a) of this Act * * * until the thirty-fifth anniversary of the date of their birth."

Admittedly the plaintiff received several deferments before his twenty-sixth birthday, having been classified I–S and II–S as a college student during the years 1951 to 1953.

■ In contending that he is not now subject to induction the plaintiff appears to have several theories as to how the quoted section of section 6(h) of the Act should be interpreted. One argument seems to be that the phrase, "are or may be deferred", refers to the time of induction. That is that the provision for liability until the registrant reaches the age of thirty-five years applies only where he is actually deferred when called for induction. When the plaintiff received his notice for induction, dated December 17, 1953, his twenty-sixth birthday had passed and he was not in a deferred status. Therefore, so the argument goes, he was no longer liable under the provisions of section 6(h).

Registrants subject to induction are first classified I–A, indicating availability for military service and no deferment or exemption (I–A–O or I–O with respect to conscientious objectors available for noncombatant duty or for civilian work of national importance). 32 CFR 1622.1. Consequently it follows that no registrant still in a deferred classifica-

tion would ever be ordered to report for induction. If plaintiff's argument is a sound one, the result would be that the provisions of section 6(h) in respect to liability until the age of thirty-five would never be applicable. Moreover, the fallacy of the argument is apparent from the fact that induction and deferment from induction are contradictory terms. It would be meaningless to order to report for induction those registrants still receiving the benefits of a deferment. A registrant is deferred and therefore not subject to induction, or subject to induction because not entitled to be deferred; he cannot be both at the same time.

█ Another construction of section 6(h) as quoted, as argued by the plaintiff, is that only registrants over twenty-six who receive a deferment at any time after they become twenty-six may be inducted until they are thirty-five. He contends, therefore, that regardless of the fact that he was deferred more than once before he became twenty-six, since he received no new deferment after June 30, 1953, the twenty-sixth anniversary of his birth, he is no longer subject to induction and should be put in Class V–A.

However, as the plaintiff also points out, section 4(a) of the Act, 50 U.S.C.A. Appendix, 454(a), provides that only registrants between the ages of eighteen and a half and twenty-six years shall be liable for training and service in the Armed Forces. Consequently there would be no reason for any registrant over twenty-six years of age to seek a deferment. That being so, the provision of section 6(h) for liability for training and service until thirty-five would, under the plaintiff's construction, have no force and effect. Again it would have to be concluded that, as plaintiff sees it, Congress has enacted meaningless legislation.

█ Finally, he contends that if section 6(h), as quoted, is intended to apply to those who are in a deferred classification when they attained their twenty-sixth birthday, it does not apply to plaintiff because he was not deferred on June 30, 1953 when he became twenty-six years of age.

The history of the Act makes it clear that it was intended to meet this situation. House Report No. 271, reporting the proposed legislation later enacted into law as the Universal Military Training and Service Act of 1951, contains a section by section analysis, including the following:

"Likewise, it should be observed that the new section (sec. 6(h)) permits the induction of persons now or hereafter deferred until the thirty-fifth anniversary of their birth should their basis for deferment terminate after passing their twenty-sixth birthday. This will prevent persons now deferred from escaping induction by continuing their education past the twenty-sixth anniversary of their birth * * *." U.S. Code Congressional & Administrative Service, 82nd Congress, First Session, 1951, vol. 2, p. 1500.

The files of the Local Board, constituting the Selective Service System record of the plaintiff, submitted as part of the record on this motion, contains an SSS Form 120. This document, constituting the plaintiff's "Individual Appeal Record", reads in part as follows:

"Minutes of Action by Appeal Board
"Appeal Board—Eastern District
for the State of New York
"116 Fulton Avenue Hempstead
"Classified in Class 2S until July 1/53"

It would appear, therefore, that the plaintiff was still deferred in Class II–S on June 30, 1953.

It is evident that the plaintiff was aware of this, for there is a letter in the files of the Local Board, dated July 2, 1953, addressed to the Board and signed by the plaintiff, stating:

"My classification of II–S expired July 1, 1953."

█ Section 6(h) concerns itself with *deferment* and not exemption. It is apparent that what was intended by Con-

gress was to suspend induction so as to allow students properly qualifying a reasonable extension of time to continue their education, not to exempt them from induction because their education continued after their twenty-sixth birthday.

In view of the foregoing, therefore, the plaintiff's motion is denied. Settle order on notice.